## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RECEIVED
U.S. COURT OF APPEALS
THE D.C. CIRCUIT

2006 SEP 28 PM 9: 25

FILING DEPOSITORY

| | |
|---|---|
| Fadi Al Maqaleh,<br>　　Detainee<br>　　Bagram Air Base<br>　　Afghanistan<br><br>Ahmad Al Maqaleh<br>　　as Next Friend of Fadi Al Maqaleh<br><br>Petitioners,<br><br>v.<br><br>DONALD RUMSFELD,<br>　　Secretary, United States<br>　　Department of Defense<br>　　1000 Defense Pentagon<br>　　Washington, D.C. 20301-1000<br><br>JOHN DOE<br>　　Custodian of Petitioner<br><br>JOHN DOE 2<br>　　Custodian of Petitioner<br><br>Respondents.<br><br>Respondents sued in their official<br>capacity. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br><br><br><br><br><br><br>)<br>)<br>)<br>)<br>) |

FILED

SEP 2 8 2006

NO.＿＿＿＿＿  NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**PETITION FOR WRIT**
**OF HABEAS CORPUS**

CASE NUMBER  1:06CV01669

JUDGE: John D. Bates

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 09/█/2006

### PETITION FOR WRIT OF HABEAS CORPUS

1. Petitioner Fadi Al Maqaleh, who is in the custody of the United States, seeks the Great Writ. He acts on his own behalf and through his Next Friend, Ahmad Al Maqaleh. Mr. Fadi Al Maqaleh is a citizen of Yemen. Though he has committed no wrong, he is being held unlawfully and virtually *incommunicado* by the Respondents.

### I.
### JURISDICTION

2. Petitioners bring this action under 28 U.S.C. §§2241 and 2242, and invoke this Court's

jurisdiction under 28 U.S.C. §§1331, as well as the Fifth and Eighth Amendments to the United States Constitution.

3.  This Court is empowered under 28 U.S.C. §2241 to grant the Writ of Habeas Corpus, and to entertain the Petition filed by Ahmad Al Maqaleh as Next Friend under 28 U.S.C. §2242. This Court is further empowered to declare the rights and other legal relations of the parties herein by 28 U.S.C. §2201, and to effectuate and enforce declaratory relief by all necessary and proper means by 28 U.S.C. §2202, as this case involves an actual controversy within the Court's jurisdiction, and to issue such ancillary orders as may be appropriate under the circumstances, pursuant to 28 U.S.C. §1651.

## II.
## VENUE

4.  Venue is proper in the United States District Court for the District of Columbia, since the Respondent Rumsfeld resides in the district, a substantial part of the events or omissions giving rise to the claim occurred in the district, and the Respondent is an officer or employee of the United States or any agency thereof acting in his official capacity. 28 U.S.C. §§1391(b); 1391(e).

## III.
## PARTIES

5.  Petitioner Fadi Al Maqaleh is a Yemeni citizen presently incarcerated and held in Respondents' unlawful custody at Bagram Air Base in Afghanistan.

6.  Petitioner Ahmad Al Maqaleh is Fadi Al Maqaleh's father. Because his son cannot secure access either to legal counsel or the courts of the United States, Ahmad al Maqaleh acts as Next Friend.

7.  Respondent Rumsfeld is the Secretary of the United States Department of Defense. He has been charged with maintaining the custody and control of the detained petitioner, and is therefore the detained petitioner's ultimate custodian. Respondent Rumsfeld is sued in his

official capacity.

8. The Respondents designated as John Doe's are fictitiously-named subordinate officers of the

United States who have immediate physical custody of petitioner.

## IV.
## STATEMENT OF FACTS

9. Mr. Fadi Al Maqaleh  is not properly subject to the detention Order issued by President Bush

described in Paragraph 10 below.

10. On information and belief, the detained petitioner was not initially taken into custody by

American forces.  He was taken into custody against his will by other forces, and handed over

to the Americans.

11. On information and belief, the detained petitioner promptly identified himself by correct name

and nationality to the United States.  He requested that the United States provide him with

access to his family and to legal counsel.

12. On November 13, 2001, President Bush issued a Military Order authorizing indefinite detention

without due process of law.  The Order authorizes Respondent Rumsfeld to detain anyone

President Bush has "reason to believe":

      i.  is or was a member of the organization known as al Qaida;

     ii.  has engaged in, aided or abetted, or conspired to commit, acts of
international terrorism, or acts in preparation therefor, that have caused, threaten
to cause, or have as their aim to cause, injury to or adverse effects on the United
States, its citizens, national security, foreign policy, or economy; or

    iii.  has knowingly harbored one or more individuals described in subparagraphs (i)
and (ii)

President Bush must make this determination in writing.  The Order was neither authorized nor

directed by Congress, and is beyond the scope of the Joint Resolution authorizing the use of

military force passed by Congress September 14, 2001.

13. The Military Order vests the President with complete discretion to identify the individuals that

fall within its scope.  It establishes no standards governing the use of his discretion.  Once a

person has been detained, the Order contains no provision for him to be notified of the charges he may face. On the contrary, the Order authorizes detainees to be held without charges. It contains no provision for detainees to be notified of their rights under domestic and international law, and provides neither the right to counsel, nor the right to consular access. It provides no right to appear before a neutral tribunal to review the legality of a detainee's continued detention and no provision for appeal to an Article III court. In fact, the Order expressly bars review by any court. For those detainees who will not be tried before a tribunal, the Order authorizes indefinite and unreviewable detention, based on nothing more than the President's written determination that an individual is subject to its terms.

14. On information and belief, President Bush has never certified or determined in any manner, in writing or otherwise, that the detained petitioner is subject to this detention order.

15. The detained petitioner is not properly subject to this detention order.

16. Since gaining control of the detained petitioner, the United States military has held him virtually *incommunicado* and without legal process. He has been or will be interrogated repeatedly by agents of the United States Departments of Defense and Justice, though he has not been charged with an offense, nor has he been notified of any pending or contemplated charges. He has made no appearance before either a military or civilian tribunal of any sort, nor has he been provided counsel or the means to contact counsel. He has not been informed of his rights under the United States Constitution, the regulations of the United States Military, the Geneva Convention, the International Covenant on Civil and Political Rights, the American Declaration on the Rights and Duties of Man, or Customary International Law. Indeed, Respondent has taken the position that he should not be told of these rights. As a result, the detained petitioner is completely unable either to protect, or to vindicate his rights under domestic and international law.

17. Bagram Air Base, where the detained petitioner is incarcerated, is subject to the complete jurisdiction and control of the United States military. The detained petitioner is in the physical and legal custody of the United States, at a U.S. military facility that is subject to U.S. constitutional and statutory law, and answerable to the federal judiciary. *See Rasul v. Bush,*

4

124 S.Ct. 2686 (2004).

## V.
## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### (HABEAS STATUTE – COMMON LAW HABEAS)

18. Petitioners incorporate paragraphs 1-17 by reference.

19. By the actions described above, Respondent, acting under color of law, has deprived the

detained petitioner of his rights under 28 U.S.C. §§ 2241 (c)(1) and (c)(3), in that Respondent

has incarcerated the detained petitioner without lawful process, and with no means to test the

legal and factual basis for his continued incarceration.

### SECOND CLAIM FOR RELIEF
### (DUE PROCESS – FIFTH AMENDMENT
### TO THE UNITED STATES CONSTITUTION)

20. Petitioners incorporate paragraphs 1-19 by reference.

21. By the actions described above, Respondent, acting under color of law, has violated and

continue to violate the Fifth Amendment to the United States Constitution by incarcerating the

detained petitioner without Due Process of Law.

### THIRD CLAIM FOR RELIEF
### (DUE PROCESS – FIFTH AMENDMENT
### TO THE UNITED STATES CONSTITUTION)

22. Petitioners incorporate paragraphs 1-21 by reference.

23. By the actions described above, Respondent, acting under color of law, has violated and

continues to violate the right of the detained petitioner to be free from arbitrary, prolonged, and

indefinite detention, in violation of the Due Process Clause of the Fifth Amendment to the

United States Constitution.

## FOURTH CLAIM FOR RELIEF
### (DUE PROCESS – INTERNATIONAL LAW)

24. Petitioners incorporate paragraphs 1-23 by reference.

25. By the actions described above, Respondent, acting under color of law, has violated and continues to violate Customary International Law, Arts. 9 & 14 of the International Covenant on Civil and Political Rights, and Arts. 18, 25, & 26 of the American Declaration on the Rights and Duties of Man by depriving the detained petitioner of his right to be free from arbitrary, prolonged, and indefinite detention.

## FIFTH CLAIM FOR RELIEF
### (DUE PROCESS – FAILURE TO COMPLY WITH U.S. MILITARY REGULATIONS AND INTERNATIONAL HUMANITARIAN LAW)

26. Petitioners incorporate paragraphs 1-25 by reference.

27. By the actions described above, Respondents, acting under color of law, have violated and continue to violate the rights accorded to persons seized by the United States Military in times of armed conflict, as established by, *inter alia*, the regulations of the United States Military, including regulation 190-8, Articles 4 and 5 of Geneva Convention III, Geneva Convention IV, and Customary International Law.

## SIXTH CLAIM FOR RELIEF
### (SUSPENSION OF THE WRIT)

28. Petitioners incorporate paragraphs 1-27 by reference.

29. To the extent the Respondent maintains the detained petitioner may not challenge the legality of his detention by way of habeas corpus,  Respondent's actions constitute an unlaful Suspension of the Writ of Habeas Corpus, in violation of Article I of the United States Constitution.

# VI.
## PRAYER FOR RELIEF

WHEREFORE, petitioners pray for relief as follows:

1.   Grant petitioner Ahmad Al Maqaleh Next Friend status, as Next Friend of Fadi Al Maqaleh;

2.   Order the detained petitioner released from Respondent's unlawful custody;

3.   Order Respondent to allow counsel to meet and confer with the detained petitioner, in private and unmonitored attorney-client conversations;

4.   Order Respondent to make a prompt return to the writ in accordance with 28 U.S.C. §2243 and to the extent Respondent contests any material factual allegations in this Petition, schedule an evidentiary hearing, at which petitioner may adduce proof in support of his allegations;

5.   Such other relief as the Court may deem necessary and appropriate to protect petitioners' rights under the United States Constitution, the Habeas Statute, and International Law.

Respectfully submitted,

_Tina M. Foster_

Dated:       September 28, 2006

Tina M. Foster, Esq.
PO Box 610119
Bayside, NY 11361-0119
Tel. 917.442.9580

Eric M. Freedman, Esq
250 West 94th Street
New York, NY 10025
Tel. 212-665-2713
Fax 212-665-2714
DC Bar #387064

Certification of Representation Without Compensation Pursuant to L. Civ. R. 83.2 (g) / I certify that I am representing Petitioner(s) without Compensation.

09/29/06  Tina M. Foster

7

## **VERIFICATION**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on this 28 day of September, 2006.

_____

Tina M. Foster