UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FADI AL MAQALEH,<br><br>Petitioner,<br><br>v.<br><br>ROBERT GATES, et al.,<br><br>Respondents. | Civil Action No.  06-1669 (JDB) |

## ORDER

Petitioner Fadi Al Maqaleh, a Yemeni citizen detained at the Bagram Airfield in Afghanistran, seeks a writ of habeas corpus ordering, among other things, his release from the allegedly unlawful custody of the United States.  Respondents have moved to dismiss his petition for lack of subject-matter jurisdiction.  They argue that the Military Commissions Act of 2006 ("MCA"), Pub. L. No. 109-366, § 7(a), 120 Stat. 2636, unambiguously eliminates the statutory basis for subject-matter jurisdiction, and that petitioner has no independent right to habeas review under the Constitution or the common law.  Respondents' argument on the latter point is based in substantial part on the D.C. Circuit's decision in Boumediene v. Bush, 476 F.3d 981 (D.C. Cir. 2007), in which the court held that the MCA divests federal courts of jurisdiction over all actions filed by aliens captured abroad and detained as enemy combatants at the Guantanamo Bay Naval Base (except for the specific review available under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, 119 Stat. 2742), and also that such aliens have no constitutional or common-law right to habeas review. 476 F.3d at 988-994.

By the time that briefing on respondents' motion was completed in late April of this year, the

Supreme Court had denied two petitions for certiorari seeking review of the Boumediene decision. 127 S. Ct. 1478 (April 2, 2007). The court of appeals later issued its mandate on June 27, 2007. As of that date, then, the Boumediene decision was by all appearances final, and the law of this circuit firmly established. But on the final day of its term, the Supreme Court reversed course and granted the two petitions for certiorari. Boumediene v. Bush, -- S. Ct. --, 2007 WL 1854132 (June 29, 2007) (No. 06-1195); Al Odah v. United States, -- S. Ct. --, 2007 WL 681992 (June 29, 2007) (No. 06-1196). Those petitions directly challenge the D.C. Circuit's resolution of, among other issues, the following question: whether aliens captured and detained by the United States outside of the United States have a right under the Constitution or at common law to challenge their detentions via habeas corpus petitions. Petition for a Writ of Certiorari at i, Al Odah v. United States (No. 06-1196).

Putting to one side what may ultimately be significant differences between the Guantanamo detainees and those confined at Bagram, the answer to this question is equally relevant here. Even if respondents are correct that the MCA eliminates any statutory basis for subject-matter jurisdiction, the Court will still need to address petitioner's contention that he enjoys a constitutional or common-law right to habeas review. Definitive resolution of that issue, however, should await the Supreme Court's ruling in Boumediene. If the Supreme Court accepts the D.C. Circuit's reasoning and conclusion with respect to the availability of habeas review, respondents may well prevail on their motion to dismiss this case. Respondents may also prevail even if the Supreme Court rules narrowly for the Guantanamo detainees based on its previous decision in Rasul v. Bush, 542 U.S. 466 (2004). On the other hand, the Supreme Court could issue a broader decision in favor of the detainees, one whose reasoning applies not just to Guantanamo, but to Bagram and other locations as well. In short, whatever conclusion it reaches, and whatever the grounds for that conclusion, the Supreme Court's decision in Boumediene is likely directly to affect the outcome of this case.

This Court recognizes that the D.C. Circuit's ruling in Boumediene remains, at least for now, controlling precedent with respect to the Guantanamo detainees.  But that decision does not definitively resolve the jurisdictional questions raised by this case.  As such, this Court retains both the authority to determine its own jurisdiction, see United States v. Ruiz, 536 U.S. 622, 627 (2002) ("[A] federal court always has jurisdiction to determine its own jurisdiction."), and the related power, until the jurisdictional issues are finally determined, "'to make orders to preserve the existing conditions and the subject of the petition.'"  See United States v. United Mine Workers of Am., 330 U.S. 258, 291 (1947) (quoting United States v. Shipp, 203 U.S. 563, 573 (1906)).  Exercising only these limited powers, and given the significance of the issues pending before the Supreme Court in Boumediene, the Court concludes that the most sensible course following the belated grants of certiorari is to deny respondents' motion to dismiss without prejudice to refiling following the Boumediene decision.  See Ameziane v. Bush, Civ. A. 05-0392 (ESH) (D.D.C. July 5, 2007) (minute order entered in Guantanamo cases denying without prejudice respondents' motions to dismiss the habeas petitions filed by detainees).  Accordingly, it is this 18th day of July, 2007, hereby

**ORDERED** that [7] respondents' motion to dismiss for lack of subject-matter jurisdiction is **DENIED WITHOUT PREJUDICE** to refiling following the Supreme Court's decision in Boumediene v. Bush, No. 06-1195, and Al Odah v. United States, No. 06-1196.

**SO ORDERED**.

                                          /s/  John D. Bates
                                          JOHN D. BATES
                                          United States District Judge

Dated:    July 18, 2007