UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FADI AL MAQALEH, et al.,<br>    Petitioners,<br><br>v.<br><br>ROBERT GATES, et al.,<br>    Respondents. | Civil Action No. 06-1669 |
| AMIN AL BAKRI, et al.,<br>    Petitioners,<br><br>v.<br><br>BARACK H. OBAMA, et al.,<br>    Respondents. | Civil Action No. 08-1307 |
| REDHA AL-NAJAR, et al.,<br>    Petitioners,<br><br>v.<br><br>ROBERT GATES, et al.,<br>    Respondents. | Civil Action No. 08-2143 |

**MEMORANDUM OPINION**

Petitioners in these consolidated cases have filed a Joint Motion to Amend Petitions for Writ of Habeas Corpus. They contend that there is new evidence that bears on this Court's jurisdiction over their petitions challenging their continued detention by the United States at Bagram Air Base in Afghanistan, and that amendment to permit consideration of that evidence should be "freely given" under Fed. R. Civ. P. 15(a)(2). See Foman v. Davis, 371 U.S. 178, 182 (1962). Respondents oppose the attempt to amend the petitions, challenging the claim that there

is "new" evidence that undermines the earlier decision of the D.C. Circuit that the petitions should be dismissed, see Maqaleh v. Gates, 605 F.3d 84 (D.C. Cir. 2010), and arguing that amendment would therefore be futile.

    Following the D.C. Circuit's decision, petitioners sought rehearing based, in part, on additional evidence not previously in the record. The Court of Appeals denied rehearing, but noted that the denial was without prejudice to petitioners' "ability to present this evidence to the district court in the first instance." Maqaleh v. Gates, No. 09-5265 (D.C. Cir. July 23, 2010). Petitioners now seek to amend their habeas petitions with what they assert is newly discovered evidence that undercuts the basis of the D.C. Circuit's prior decision finding no jurisdiction over their petitions.

    Generally, the additional evidence that petitioners now proffer is the following: operational and substantive changes to the U.S. detention system at Bagram Air Base, including the commencement of civilian criminal trials for Afghan nationals there; movement and retention of detainees in Afghanistan allegedly reflecting Executive Branch efforts to avoid judicial scrutiny of detention practices and policies; and current specifics of plans to continue to hold non-Afghan detainees in a new facility at Bagram in an attempt to evade any obligations before the courts. Petitioners claim that this purportedly new evidence warrants reexamination of the jurisdictional analysis undertaken in this case by this Court and then by the D.C. Circuit, applying Boumediene v. Bush, 553 U.S. 723 (2008). Under the principle that leave to amend under Rule 15(a)(2) should be freely given, see Foman, 371 U.S. at 182; Mayle v. Felix, 545 U.S. 644, 654 (2005) (noting application of Rule 15 to habeas petitions under Habeas Corpus Rule 11 and Fed. R. Civ. P. 81(a)(2)), petitioners urge this Court to permit them to file amended habeas

petitions or, alternatively and at a minimum, allow jurisdictional discovery to proceed.

Respondents counter that the assertions on which petitioners rely are not factually based and any evidence they proffer is not in fact new. Engaging in a detailed examination of petitioners' proposed amended habeas petitions and their legal analysis, respondents urge the Court to deny the motion to amend as futile under Foman v. Davis because the amended petitions would not survive a motion to dismiss. To a large extent, respondents' argument is based on a close analysis of the proffered amended petitions under the standard established by the Supreme Court in Boumediene and previously applied by the D.C. Circuit in this case.

The parties' filings reveal vastly different assessments of the additional evidence on which petitioners' motion is based, and of the impact of that evidence. To be sure, not all of the evidence petitioners characterize as "new" really represents any change of relevance with respect to the government's handling of detainees at Bagram. And respondents have a fair point that recent developments as borne out by the facts may not significantly alter a proper assessment of the Boumediene factors as applied by the D.C. Circuit.

But ultimately the Court concludes that the examination respondents urge, and the assessment of petitioners' "new" evidence that the law (and arguably the D.C. Circuit's July 23, 2010 order) requires, is best undertaken by permitting the requested amendments and then addressing the petitions on their merits through the vehicle of a motion to dismiss filed by respondents. The proffered evidence is extensive (and arguably evolving) and, in some ways, its impact under the Boumediene/Maqaleh factors is subtle. While the Court has some doubts about the consequence of the additional evidence under that analytical framework, that issue is better explored through full consideration of the evidence and the parties' positions, rather than under

the limited "futility" appraisal in which it is now presented.  That will, moreover, be consistent with Rule 15's strong encouragement of amendment -- if the facts presented <u>may</u> enable relief then amendment should be "freely given" and a plaintiff should be permitted the opportunity to have the claims tested on their merits.  <u>Foman</u>, 371 U.S. at 182.

      Therefore, the Court will grant petitioners' joint motion to amend their habeas corpus petitions.  The Court expects, however, that granting the motion will enable more careful scrutiny of the amended petitions through a motion to dismiss filed by respondents, and through firm application of the analytical framework established by the Supreme Court in <u>Boumediene</u> and applied by the D.C. Circuit in <u>Maqaleh</u>.  At this time, the Court will deny petitioners' alternative request for jurisdictional discovery.  If petitioners continue to believe that such discovery is needed, and warranted under the law, in response to a request to dismiss their amended habeas corpus petitions, they can assert that position in their opposition.  A separate order has been filed with this Memorandum Opinion.

                                  /s/
                          JOHN D. BATES
                United States District Judge

Dated: <u>February 15, 2011</u>