# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FADI AL-MAQALEH,** *et al.*,<br><br>Petitioners,<br><br>v.<br><br>**BARACK H. OBAMA,** *et al.*,<br><br>Respondents. | **Civil Action No. 06-1669 (JDB)** |
| **AMIN AL-BAKRI,** *et al.*,<br><br>Petitioners,<br><br>v.<br><br>**BARACK H. OBAMA,** *et al.*,<br><br>Respondents. | **Civil Action No. 08-1307 (JDB)** |
| **REDHA AL-NAJAR,** *et al.*,<br><br>Petitioners,<br><br>v.<br><br>**BARACK H. OBAMA,** *et al.*,<br><br>Respondents. | **Civil Action No. 08-2143 (JDB)** |

**PETITIONERS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL MATERIALS IN FURTHER SUPPORT OF THEIR OPPOSITION TO MOTION TO DISMISS**

Petitioners respectfully request leave to file supplemental materials in further support of Petitioners' Opposition to Respondents' Motion to Dismiss Amended Petitions for Writs of Habeas Corpus (Petitioners' Opposition), filed in the above-captioned matters on June 24, 2011. Since the date of filing, significant additional factual information has come to light which goes

directly to the question of subject matter jurisdiction and lends strong support for Petitioners' contention that this Court has jurisdiction to hear Petitioners' habeas claims. These new materials are described in and attached to the Supplemental Declaration of Tina M. Foster, dated August 1, 2011 ("Supplemental Declaration"), attached hereto as Ex. 1.

On July 15, 2011, prior to the filling of Respondents' Reply in Support of their Motion to Dismiss, Petitioners' counsel contacted Respondents' counsel pursuant to Local Civil Rule 7(m) to confer regarding Petitioners' intent to file the instant motion. Petitioners offered to consent to a one-week extension of time in order to allow Respondents an opportunity to address in their Reply brief the facts set forth in the Supplemental Declaration. Respondents declined the offer, and stated that they would oppose the instant Motion. Respondents filed their Reply on July 18, 2011. Petitioners again conferred with Respondents on July 28, 2011 regarding the instant Motion and Respondents' position remained unchanged. Petitioners now seek leave to file this Supplemental Declaration along with the attached materials.

## ADDITIONAL FACTS INCLUDED IN THE SUPPLEMENTAL MATERIALS

### *Declaration of Next Friend Petitioner Ahmad Ali al-Maqaleh*

As indicated in the original declaration of Tina M. Foster filed in support of Petitioners' Opposition on June 24, 2011, Next Friend Petitioner, Ahmad Ali al-Maqaleh, had wished to submit a sworn statement to the Court concerning his son Fadi's recent DRB determination and confusion regarding counsel access. *See* Supplemental Decl. ¶¶ 2-3. Unfortunately, Mr. al-Maqaleh, who resides in Sana'a, Yemen, was previously unable to submit his declaration due to country-wide electrical shortages, and complications with sending and receiving overseas communications as a result of the ongoing state of emergency in Yemen. *Id.* Mr. al-Maqaleh, recognizing that this may be his last chance to submit any information to an American court on

behalf of his son, has since overcome these significant obstacles and recently signed and delivered his declaration to undersigned counsel. *See* Decl. of Ahmed Ali al-Maqaleh, dated July 20, 2011, Ex. 1, Attach. 1. In light of these circumstances, Petitioners respectfully request that the Court accept the filing of Mr. al-Maqaleh's declaration at this time.

### *Department of Defense Criteria for Petitioners' Status Designations*

On July 14, 2011, the American Civil Liberties Union (ACLU) issued a press release indicating that it was in possession of a document setting forth the criteria upon which Respondents rely to designate and detain individuals at Bagram Air Base in Afghanistan as "Enduring Security Threats." *See* Supplemental Decl. ¶ 4, Attach. 2. The document, which was produced to the ACLU in response to Freedom of Information Act (FOIA) litigation, was never publicly disclosed prior to its production as part of the FOIA litigation. In that separate litigation, the government has taken the position that the document is classified, and that it was originally produced in error. *See* Supplemental Decl. ¶ 5; Mem. of Law in Supp. of the Dep't of Defense's Mot. for Partial Summ. J. and Related Relief, *ACLU v. Dep't. of Def.*, No. 09-CV-8071 (BSJ) (FM) (S.D.N.Y. July 13, 2011).

Regardless of whether the document was properly produced in the FOIA litigation, the "Enduring Security Threat" (EST) criteria are clearly relevant to the Court's determination of its jurisdiction over these habeas cases. In their Opposition, Petitioners argue that Respondents' labeling of Petitioners as "Enduring Security Threats" is further evidence of Respondents' intent to detain them indefinitely without process. *See, e.g.,* Pet'rs' Opp'n at 26; Pet'rs' Opp'n, Ex. 2, Kassem Decl. ¶¶ 6-7, 24-25.

Petitioners differ from the rest of the Bagram prison population because their imprisonment will continue indefinitely beyond the transfer of the Parwan facility to the Afghan

government.  For their part, Respondents refuse to confirm or deny what the documents Petitioners have supplied the Court plainly show—that Respondents have labeled Petitioners as ESTs.  *See* Resp'ts' Reply in Supp. of their Mot. to Dismiss Am. Pets. for Writs of Habeas Corpus at 11-12.  Significantly, however, Respondents concede that if Petitioners' allegations are true, their EST designation would further complicate Petitioners' release from Bagram.  *Id.* at 12. Of course, Petitioners' status, along with the criteria and procedures used in determining their status, are facts which the Court is required to consider under the *Boumediene* test.  *See, e.g., Boumediene v. Bush*, 553 U.S. 723, 766 (2008).  The criteria used by Respondents to justify these Petitioners' continued indefinite detention at Bagram are thus directly relevant to determining their entitlement to the protection of the Great Writ.

There is already sufficient evidence in the record to support the Court's exercise of habeas jurisdiction over Petitioners' cases.  *See, e.g.,* Pet'rs' Opp'n at 9.  However, should the Court rely on any disputed issue of fact in determining whether it has subject matter jurisdiction, it must either credit Petitioners' factual allegations as true, or permit Petitioners an opportunity to undertake jurisdictional discovery.  *See id.* at 9-11.  Indeed, in the event that the Court is inclined to grant Respondents' Motion to Dismiss, Petitioners should be able to confirm additional facts within Respondents' exclusive knowledge that weigh in favor of habeas jurisdiction under *Boumediene*.  The criteria used by Respondents to determine that Petitioners are "ESTs" fall within this category of information.  The production of this document through jurisdictional discovery would not unduly burden Respondents—the document has already been produced (apparently inadvertently) in another case.  Even assuming that the document is properly classified, this Court could order its production to undersigned security-cleared counsel under

4

classified seal, as it has in the past. *See Al-Bakri v. Obama*, 660 F. Supp. 2d 1, 2 (D.D.C. 2009) (granting security-cleared counsel access to government's ex parte, classified filing).

### *Construction of New U.S. Detention Facilities in Afghanistan*

On July 12, 2011, an investigative journalist reported that the U.S. government is building a new "U.S.-government controlled detention facility" in Afghanistan.[1] According to the article, the U.S. Army Corps of Engineers has specified that the new facility is slated for completion by November 2011, and that it will "include '4 Modular Detention Housing Units (MDHU), 1 Special Holding Unit (SHU), guard towers, to include utilities, communications, fencing and related site work'." *See* Supplemental Decl., Attach. 3. Plans are also underway for the construction of an even larger additional detention center, consisting of seven modular detention units, and one special housing unit. *Id.* These new prison facilities will be used to house detainees in U.S. custody in Afghanistan for many years to come, and well after the transfer of a portion of the Bagram facility to the Afghan government. *Id.*

### *U.S. Government Admissions about the CIA's Rendition and "Ghosting" Program*

The CIA agent who was responsible for the interrogation of Haji Pacha Wazir (one of the four Petitioners originally included in these consolidated cases) earlier this month published a book about his experiences. *See* Glenn L. Carle, *The Interrogator: An Education*, Nation Books (July 2011). Relevant excerpts of the book are provided as Attachment 4 to the Supplemental Declaration. Undersigned counsel at the International Justice Network has represented Mr. Wazir since 2006, and previously filed and litigated his habeas case before this Court. *See, e.g.,* Pet'rs' Br. in Resp. to Resp'ts' Supplemental Br. in Supp. of their Mot. to Dismiss for Lack of Subject Matter Jurisdiction, *Wazir v. Gates*, 06-CV-1697 (JDB) (D.D.C. May 29, 2009). Though

---

[1] *See* Spencer Ackerman, *Lockdown: U.S. Builds New Jails Across Afghanistan*, WIRED, July 12, 2011, *available at* http://www.wired.com/dangerroom/2011/07/lockdown-u-s-building-new-jails-across-afghanistan/, Supplemental Decl., Attach. 3.

Mr. Wazir is not named in *The Interrogator*, it is clear that the author is describing him from details of his capture, detention, and interrogation left unredacted in the book that match information about Mr. Wazir's ordeal. Supplemental Decl. ¶¶ 7-9.

Mr. Wazir was finally released after 8 years of detention and interrogation by the U.S. government on February 24, 2010, while his appeal from the dismissal of his habeas petition was pending before the Court of Appeals. *Maqaleh v. Gates*, 604 F. Supp. 2d 205 (D.D.C. 2009), *vacated, appeal dismissed as moot by*, *Wazir v. Gates*, 2010 U.S. App. LEXIS 10125 (D.C. Cir., May 17, 2010). For the duration of Mr. Wazir's captivity, Respondents claimed that his detention was necessitated by national security imperatives, that this Court lacked jurisdiction to entertain his habeas petition because he was properly detained as an enemy combatant, and that the exercise of this Court's habeas jurisdiction would cause friction with the Afghan government. The book written by Mr. Wazir's CIA interrogator—who conducted Mr. Wazir's interrogations while he was detained in Morocco and later at a black site in Afghanistan—tells a markedly different story.

Mr. Carle's account, though heavily redacted by government censors, has been corroborated by respected investigative journalists who have pieced together the publicly available information regarding Mr. Wazir's seizure, detention, and interrogation. *See* Supplemental Decl. ¶ 9. In the words of his interrogator, Mr. Wazir was an "innocent man" who was "unjustly" kept in prison eight years for no other reason than "to bury in a dungeon the dark, multiple, egregious errors" that were made by the U.S. government in his case. *See* Ex. 1, Attach. 5 at 2. These materials further highlight the unreliability of the Executive's status and detention processes and determinations as well as the consequent necessity of meaningful judicial review.

Additional revelations regarding Respondents' secret interrogation and detention practices have also come to light in past weeks. On July 13, 2011, the Associated Press reported that the government's investigation into prisoner deaths at Abu Ghraib has revealed the existence of "an unofficial program in which the CIA imprisoned and interrogated men without entering their names in the Army's books," as part of an unsanctioned "ghosting" program.[2] Petitioner al-Maqaleh was imprisoned by Respondents at Abu Ghraib under circumstances that suggest that he may have been a victim of the rogue "ghosting" program designed to evade all forms of oversight. *See, e.g.,* Pet'rs' Opp'n at 22; Second Am. Pet. for Writ of Habeas Corpus at 4-5, *Al-Maqaleh v. Obama*, 06-CV-1669 (JDB) (D.D.C. Sept. 1, 2010).

### *Wikileaks Guidance*

In their Reply, Respondents falsely contend that Petitioners' citation of certain documents contravenes the government's Wikileaks Guidance, dated June 6, 2011. *See* Resp'ts' Reply in Supp. of their Mot. to Dismiss Am. Pets. for Writs of Habeas Corpus at 19 n.8. Petitioners maintain that the Guidance is deeply flawed, and contrary to law in a number of significant respects. While Petitioners do not concede that the Guidance is a valid exercise of the government's authority, Petitioners nevertheless have refrained from attaching or summarizing the relevant Wikileaks documents, in accordance with the Guidance. The Guidance is attached hereto as it has not been previously added to the record in these cases. *See* Supplemental Decl. ¶ 11, Attach. 8. Should the Court so wish, Petitioners would welcome the opportunity to brief separately the serious issues that the Guidance raises.

---

[2] Matt Apuzzo and Adam Goldman, *AP Sources: Feds Eye CIA Officer in Prisoner Death*, ASSOC. PRESS, July 13, 2011, *available at* http://abcnews.go.com/Blotter/wireStory?id=14059451&nwltr=blotter_subfeature, Supplemental Decl., Attach. 7.

**ARGUMENT**

Federal Rule of Civil Procedure 15(d) authorizes a district court, "upon reasonable notice and upon such terms as are just," to permit a party to serve a supplemental pleading setting forth events that have occurred since the filing of the original complaint. "The rule's basic aim is 'to make pleadings a means to achieve an orderly and fair administration of justice.'" *Jones v. Bernanke*, 685 F. Supp. 2d 31, 35 (D.D.C. 2010) (quoting *Gomez v. Wilson*, 477 F.2d 411, 417 (D.C. Cir. 1973)); *see also Griffin v. County School Bd.*, 377 U.S. 218, 227 (1964). Supplements under Rule 15(d) are to be "freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." *Hall v. CIA*, 437 F.3d 94, 100 (D.C. Cir. 2006) (citing *United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002)).

There is no prejudice to Respondents in allowing Petitioners to supplement the record. The supplemental materials at issue further bolster Petitioners' claims, but they do not reflect new claims or arguments that Respondents have not already attempted to address in their two briefs. Moreover, allowing supplementation would not cause undue delay in the resolution of the instant matter. Therefore, the interests of justice militate in favor of allowing all relevant evidence to be introduced into the record. This is especially true where, as here, fundamental Constitutional rights are at issue and the record will inevitably be reconsidered by the Court of Appeals under a *de novo* standard of review. This Court should grant the instant motion and allow Petitioners to file the supplemental materials so that the record will include information relevant to this Court's determination which was not available until after the filing of Petitioners' Opposition.

## CONCLUSION

Accordingly, Petitioners respectfully request that this Court grant the instant motion for leave to file the Supplemental Declaration of Tina M. Foster along with the supplemental materials attached thereto, in further support of Petitioners' Opposition.

Dated: August 3, 2011

Respectfully submitted,

\_\_\_\_/s/_____
Ramzi Kassem
**Main Street Legal Services, Inc.**
**City University of New York**
**School of Law**
65-21 Main Street
Flushing, NY 11367
(718) 340-4558

Hope R. Metcalf
**Lowenstein Int'l Human Rights Clinic**
**Yale Law School**
127 Wall Street
New Haven, CT 06511
(203) 432-0138

*Lead Counsel for Petitioner Amin al-Bakri*

\_\_\_\_/s/_____
Tina M. Foster
Barbara J. Olshansky
**International Justice Network**
P.O. Box 610119
New York, NY 11361
(718) 717-8467

*Counsel for Petitioners Fadi al-Maqaleh, Redha al-Najar, and Amin al-Bakri*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FADI AL-MAQALEH**, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>**BARACK H. OBAMA**, *et al.*,<br><br>Respondents. | **Civil Action No. 06-1669 (JDB)** |
| **AMIN AL-BAKRI**, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>**BARACK H. OBAMA**, *et al.*,<br><br>Respondents. | **Civil Action No. 08-1307 (JDB)** |
| **REDHA AL-NAJAR**, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>**BARACK H. OBAMA**, *et al.*,<br><br>Respondents. | **Civil Action No. 08-2143 (JDB)** |

**[PROPOSED] ORDER**

Upon consideration of Petitioners' Motion for Leave to File Supplemental Materials in Further Support of their Opposition to Motion to Dismiss and other related submissions, it is hereby

ORDERED that the Petitioners' motion is GRANTED.

So ORDERED.

On this the ___ day of _____ , 2011

_____
JOHN D. BATES
United States District Judge