### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FADI AL-MAQALEH, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> BARACK H. OBAMA, *et al.*, <br><br> Respondents. | **Civil Action No. 06-1669 (JDB)** |
| AMIN AL-BAKRI, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> BARACK H. OBAMA, *et al.*, <br><br> Respondents. | **Civil Action No. 08-1307 (JDB)** |
| REDHA AL-NAJAR, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> BARACK H. OBAMA, *et al.*, <br><br> Respondents. | **Civil Action No. 08-2143 (JDB)** |

**SUPPLEMENTAL DECLARATION OF TINA M. FOSTER**

Pursuant to 28 U.S.C. § 1746, I hereby certify that the following statements are true and correct to the best of my knowledge:

1. I am an attorney admitted to practice law in the States of New York and Massachusetts, and I am one of the attorneys who represent Petitioners in the above-captioned matters.

2. I submitted a sworn declaration, dated June 23, 2011, in the above-captioned matters, in support of Petitioners' Opposition to Respondents' Motion to Dismiss Amended Petitions for Lack of Subject Matter Jurisdiction (hereinafter "Petitioners' Opposition"). I now respectfully submit this Supplemental Declaration, which includes additional evidence bearing directly on the Court's jurisdictional analysis under the *Boumediene* test that has

come to light since the date of Petitioner's last submission to the Court on June 23, 2011 in support of Petitioners' Opposition.

3. In the Foster Declaration of June 23, 2011, I noted that Next Friend Petitioner Ahmed Ali al-Maqaleh, the father of Petitioner Fadi Al-Maqaleh, wished to submit a declaration in support of Petitioners' Opposition, but was unable to do so because electrical shortages and communications difficulties tied to the ongoing strife in Yemen made transmission of his declaration in a timely fashion impossible. Mr. al-Maqaleh was recently able to overcome these difficulties and has since delivered his signed declaration to counsel. Attachment 1 to this Supplemental Declaration is a true and complete copy of the Declaration of Next Friend Petitioner Ahmed Ali al-Maqaleh, sworn to on July 20, 2011.

4. On July 14, 2011, the American Civil Liberties Union (ACLU) announced in a press release that as part of its Bagram FOIA litigation, it had obtained a document that sets forth the criteria used by the U.S. Department of Defense in making "Enduring Security Threat" determinations for the detainees held in Parwan Prison. Attachment 2 to this Supplemental Declaration is a true and complete copy of the ACLU's Press Release, which is also available at http://www.aclu.org/national-security/government-seeks-return-improperly-classified-document-given-aclu (last accessed on July 29, 2011).

5. The position of the U.S. government in the FOIA litigation is that the document was erroneously produced in the FOIA litigation and remains classified, and the Department of Defense has moved the Court to order its return. *See* Memorandum of Law in Support of the Department of Defense's Motion for Partial Summary Judgment and Related Relief, *ACLU v. Dep't. of Defense*, No. 09-CV-8071 (BSJ) (FM) (S.D.N.Y., July 13, 2011).

6. On July 12, 2011, investigative journalist Spencer Ackerman reported in the online magazine WIRED that the U.S. government is building a new "U.S.-government controlled detention facility" in Afghanistan. A copy of this article, "Lockdown: U.S. Builds New Jails Across Afghanistan," is included herewith as Attachment 3. *See* http://www.wired.com/dangerroom/2011/07/lockdown-u-s-building-new-jails-across-afghanistan (last accessed July 29, 2011).

7. On July 4, 2011, Nation Books published a book entitled *The Interrogator: An Education,* by Glenn Carle. In the book, Mr. Carle, a former CIA agent, describes his experiences as the lead CIA agent responsible for the interrogation of a specific high-value detainee. The real name of the detainee is not stated in the book - he is referred to throughout only as "CAPTUS". However, it is clear from the descriptions of the detainee, his seizure, the detention facilities in which he was held, and the timeline of events described, that the book describes the interrogation of Haji Pacha Wazir, a former Bagram detainee. Haji Pacha Wazir's habeas case was one of the *four original* Bagram habeas cases joined together for coordinated briefing before this Court in the above-captioned matters. The International Justice Network represented Mr. Wazir in the case. *See e.g.* Petitioners' Brief in Response to Respondents' Supplemental Brief in Support of their Motion to Dismiss for Lack of Subject Matter Jurisdiction, *Wazir v. Gates*, 06-CV-1697 (JDB) (D.D.C. May 29, 2009).

8. Attachment 4 contains true and correct sections of *The Interrogator* that refer to the CIA's mistreatment of Mr. Wazir, including his renditions, his imprisonment in secret prison facilities, and his continued detention long after it was determined that he was not the high value detainee the CIA had thought he was. After multiple interrogations, Mr. Carle concludes that Mr. Wazir had done nothing wrong and should be released.

9. On July 5, 2011, award-winning journalist Scott Horton published an interview with Mr. Carle, and wrote an article for Harper's magazine analyzing the publicly-available information. Attachment 5 is a true and correct copy of the "'The Interrogator': Six Questions for Glenn Carle." See http://www.harpers.org/archive/2011/07/hbc-90008139, (last accessed on July 29, 2011). Attachment 6 is a true and correct copy of the article by Scott Horton, "Unredacting 'The Interrogator.'" *See* http://www.harpers.org/archive/2011/07/hbc-90008135 (last accessed July 29, 2011).

10. On July 13, 2011, the Associated Press reported that the government's investigation into prisoner deaths at Abu Ghraib has revealed the existence of "an unofficial program in which the CIA imprisoned and interrogated men without entering their names in the Army's books," as part of an unsanctioned "ghosting" program. Attachment 7 is a true and correct copy of the article "AP Sources: Feds Eye CIA Officer in Prisoner Death." *See* http://abcnews.go.com/Blotter/wireStory?id=14059451&nwltr=blotter_subfeature (last accessed on July 29, 2011).

11. On June 6, 2011, the U.S. Department of Justice circulated a guidance regarding Wikileaks documents to attorneys handling habeas corpus cases brought by prisoners at the U.S. Naval Station at Guantánamo Bay, Cuba. Attachment 8 is a true and correct copy of the "Wikileaks Guidance."

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

New York, NY

Executed on this 1st day of August, 2011

____/s/_____
TINA M. FOSTER